## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **NATHAN ROWAN**, individually on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AFFORDABLE CAR CURE, INC., NATIONAL CAR CURE, LLC, GUSTAV RENNY, and SUNPATH LTD.,**<br><br>Defendants. | Case no.<br><br><br>**CLASS ACTION**<br><br>**JURY DEMAND** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nathan Rowan ("Plaintiff" or "Rowan") brings this Class Action Complaint and Demand for Jury Trial against Defendants Affordable Car Cure, Inc. ("Affordable Car Cure"), National Car Cure LLC ("National Car Cure"), Gustav Renny ("Renny"), and SunPath Ltd. ("SunPath"), to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited, pre-recorded calls to consumers, including to consumers whose phone numbers are registered on the National Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Defendants' actions. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1.      Plaintiff Rowan is an East Rochester, New York resident.

2.      Defendant Affordable Car Cure is a Florida incorporated and headquartered corporation that conducts business throughout this District, Florida, and the United States.

3.      Defendant National Car Cure is a Florida incorporated and headquartered corporation that conducts business throughout this District, Florida, and the United States.

4.      Defendant Renny is an individual who resides in Florida who owns and manages both Affordable Car Cure and National Car Cure.

5.      Defendant SunPath is a Braintree, Massachusetts company incorporated in Delaware and headquartered in Massachusetts. SunPath conducts business throughout this District, Florida, and the United States.

**JURISDICTION AND VENUE**

6.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7.      This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case was directed from this District and arose from the business Defendants conduct in this District.

## TELEMARKETING INTRODUCTION

8.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or prerecorded voice …." *See* 47 U.S.C. §§ 227 (b)(1)(A)(iii), (b)(2).

9.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

10.     While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e. that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement must be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

11.     "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R §64.1200(f)(12).

12.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

13.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day,. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

14.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

15.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

16.     According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com.

17.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

18.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

19.    "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## INTRODUCTION TO GUSTAV RENNY AND RENNY'S EXTENDED CAR WARRANTY ENTITIES THAT SOLICIT CONSUMERS WITH PRERECORDED CALLS

20.    Affordable Car Cure and National Car Cure provide consumers with an extended car warranty that provides repair coverage for a vehicle after the manufacturer's car warranty expires.[3] [4]

21.    Affordable Car Cure and National Car Cure are effectively the same identical company but registered under different corporate names.

22.    The website for Affordable Car Cure is a copy of the website for National Car Cure:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] http://affordablecarcure.com/
[4] http://nationalcarcure.com/



AffordableCarCure.com                                NationalCarCure.com

23.    The toll-free phone number for AffordableCarCure.com is the same as the

toll-free phone number for NationalCarCure.com – 800-941-8430:

AffordableCarCure.com                                NationalCarCure.com

24.    Phone number 800-941-8430 is associated with Assured Auto Group[5] and

National Auto Protection,[6] both of which are also owned and operated by Renny. [7] [8]

25.    NationalCarCure.com even makes reference to National Auto Protection in

its disclaimer:

---

[5] https://www.bbb.org/us/fl/west-palm-beach/profile/auto-warranty-services/assured-auto-group-inc-0633-90563325
[6] https://www.yelp.com/biz/national-auto-protection-west-palm-beach
[7]
http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=OfficerRegisteredAgentName&directionType=Initial&searchNameOrder=RENNYGUSTAV%20P1500004
58562&aggregateId=domp-p15000045856-cb4b1733-accb-41d9-a097-
0acfdce64015&searchTerm=Renny%20%20%20%20%20%20%20%20%20%20%20%20%20%20
%20%20Gus&listNameOrder=RENNYGUS%20L090000505372
[8] https://www.bbb.org/us/fl/west-palm-beach/profile/auto-warranty-services/national-auto-protection-corp-0633-90142596

*Estimated savings. Actual savings may vary, depend on several factors, and are not guaranteed. Terms and conditions apply. Toll free: (800) 941-8430 Disclosure: A Vehicle Service Contract (VSC) is often referred to as an "auto warranty" or an "extended car warranty," but it is not a warranty. A VSC does, however, provide repair coverage for your vehicle after the manufacturer's car warranty expires. A VSC is a contract between you and a VSC provider or administrator that states what is a covered repair. National Auto Protection Corp does not offer or sell Vehicle Service Contracts in KS, WA, CA, NV, MO, MD or DE.[9]

26.     Renny shows on his website that Affordable Auto Protection is part of his network of companies.[10]

27.     The exact address for Affordable Auto Protection (including the suite number) is identical to the address of Defendant Affordable Car Cure, National Car Cure and National Auto Protection:



---

[9] http://nationalcarcure.com/
[10] https://www.gusrenny.com/network
[11] https://www.useaap.com/

7

**Principal Address** National Auto Protection

1665 PALM BEACH LAKES BLVD
SUITE 215
WEST PALM BEACH, FL 33401  12

**Principal Address** National Car Cure

1665 PALM BEACH LAKES BLVD
215
WEST PALM BEACH, FL 33401  13

**Principal Address** Affordable Car Cure

1665 PALM BEACH LAKES BLVD STE 215
WEST PALM BEACH, FL 33401  14

28.      The website GusRenny.com referenced Affordable Car Cure as part of its

portfolio before it replaced Affordable Car Cure with Affordable Auto Protection on or

around May 22, 2020:

## Auto Warranties

Auto Warranties

affordablecarcure.com

Affordable Car Cure is one of the biggest suppliers of automotive warranties in the country for a reason. We offer affordable coverage policies that give you peace of mind in knowing that your vehicle will be on the road for a long time to come. With three different plans that include varying pricing structures, low monthly payments, and different policy features, there's an auto repair coverage option that's right for everyone. Get your policy today and protect your pockets from paying for even the most costly auto repairs.

facebook
Visit Our Site

GR Investment Group, LLC
GR Investment Group, LLC provides every aspect of representation; from property sales and acquisition, mortgages, auto warranty packages, debt settlement, personal loans, and more!

facebook twitter linkedin instagram

Quick Links
- Home
- About us

Contact Us
phone 1-800-941-8441
email info@gusrenny.com

15

---

12

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName
&directionType=Initial&searchNameOrder=NATIONALAUTOPROTECTION%20P15000045
8560&aggregateId=domp-p15000045856-cb4b1733-accb-41d9-a097-
0acfdce64015&searchTerm=national%20auto%20protection&listNameOrder=NATIONALAUT
OPROTECTION%20P150000458560

13

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName
&directionType=Initial&searchNameOrder=NATIONALCARCURE%20L190000756510&aggr
egateId=flal-l19000075651-07d26db6-7b02-4ebe-86c1-
8898dbccac19&searchTerm=national%20car%20cure&listNameOrder=NATIONALCARCURE
%20L190000756510

14

http://search.sunbiz.org/Inquiry/corporationsearch/SearchResultDetail?inquirytype=EntityName
&directionType=Initial&searchNameOrder=AFFORDABLECARCURE%2F200000027140&a
ggregateId=forp-f20000002714-c723710b-e3be-4c45-a42b-
1166cd05f34c&searchTerm=AFFORDABLE%20CAR%20CURE%2C%20INC.&listNameOrde
r=AFFORDABLECARCURE%2F200000027140

15

https://webcache.googleusercontent.com/search?q=cache:tiyR0sbCZzMJ:https://www.gusrenny.com/verti
cal/

29.     Renny manages the hiring for Affordable Auto Protection and presumably its related companies.

30.     Renny places job postings seeking call center employees, asking potential hires to be in contact with him directly - showing his personal involvement.



*Figure 1: Linkedin Job Posting from Gus Renny Seeking Full-time Call Center Employee for Auto Warranty Sales*

16

---

[16] https://www.linkedin.com/jobs/view/1903049079/





*Figure 2: Gus Renny's Posrt on Facebook Seeking Phone Solicitors for Auto Warranty Sales*

[17]

31.     Upon information and belief, Renny is personally involved in directing his employees and agents to make unsolicited prerecorded calls to consumers to sell them extended auto warranty plans.

32.     To date, Renny and his extended car warranty companies have been involved in numerous TCPA-related lawsuits.[18]

33.     Renny continues to direct the making of pre-recorded solicitation calls to consumers.

34.     Affordable Car Cure and National Car Cure, or an agency working on behalf of these companies place pre-recorded telemarketing calls to consumers.

---

[17] https://www.facebook.com/grenny1
[18] https://pcl-legacy.uscourts.gov/view?rid=5kz3owPhayusZVMuWC5mTb9wjAKLaTabNy68Vhc5&page=1

35.     These calls are being placed regardless of whether Affordable Car Cure and/or National Car Cure have the consent necessary to place pre-recorded solicitation calls.

36.     To make matters worse, consumers are receiving unsolicited calls despite having their phone numbers registered on the DNC and even despite requests for the calls to stop.

## INTRODUCTION TO SUNPATH

37.     SunPath is a vehicle service contract administrator.[19]

38.     SunPath fulfills the extended car warranty plans that companies such as those owned by Renny, including Affordable Car Cure and National Car Cure sell to consumers, as per Plaintiff's experience.

39.     SunPath knows or should know of the illegal telemarketing practices that its third-party telemarketers like Renny's companies use to sell extended car warranty plans.

40.     The SunPath Better Business Bureau "BBB" page is full of complaints from consumers regarding illegal telemarketing allegations. This is just a small sample of those allegations:

06/09/2020

- Robocalling me a lot.

[20]

---

[19] https://gosunpath.com/
[20] https://www.bbb.org/us/ma/braintree/profile/auto-warranty-plans/sunpath-ltd-0021-133715/complaints

06/17/2020

- Sunpath Warranty scammed my mother who has ********. I have called several times to have it cancelled, sent the financial power of attorney paperwork, and it still is not cancelled. [21]

04/06/2020

- SunPath Ltd has contacted my cellphone for marketing purposes. My phone has been on the national Do Not Call registry for many years and this company should not have contacted me. [22]

41.     In response to the telemarketing allegations, SunPath typically responds:

**SunPath**

**Response**                                              06/24/2020

SunPath serves as the administrator of certain service contracts and is committed to ensuring that its third party independent contractor vendors engage in legal and ethical sales practices and addressing complaints of consumers. Our office will address the consumer's complaint with the vendor and put the requested refund in process. A refund will be provided within 5-7 business days. [23]

42.     Despite stating above that SunPath is committed to ensuring that its third party independent contractor vendors engage in legal and ethical sales practices, the reality is that SunPath appears to turn a blind-eye to allegations of illegal telemarketing conduct.

43.     Consumers have been complaining to Defendant SunPath about the exact same type of unsolicited calls this complaint holds the Defendants liable for, dating back to 2017:

---

[21] Id.
[22] Id.
[23] Id.

11/16/2017

This company continues to engage in illegal telemarketing practices. I have been receiving calls as described in other complaints. I press 2 to be removed but still get calls daily. The number displayed is invalid. I contacted the company. They claim they are the servicer and don't know who is doing this. I don't believe this is true. At least 3 lawsuits have been filed in federal court against this company regarding its telemarketing practices. They have settled two of them. If they are not doing this, why are they settling lawsuits? This demonstrates this company is dishonest and engages in illegal practices. No one should every buy a product such as a car warranty from a company such as this.   24

44.     SunPath has had a number of TCPA-related cases filed against it due to

illegal telemarketing practices conducted on its behalf.[25]

45.     The reality is that SunPath profits from sales generated by its third-party

contractors, including sales generated by Renny and his related entities.

46.     The Federal Communication Commission has instructed that corporations

such as SunPath may not avoid liability by having their telemarketing outsourced:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activties to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as if often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC notes, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

---

[24] Id.
[25] https://pcl-legacy.uscourts.gov/view?rid=GiSkBUJkYMjYKdrkWVGSKW1r3D9fEqtcRVoyzouM&page=1

*In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, at ¶ 37 (201) ("FCC 2013 Ruling") (citations omitted).

### LEGALITY OF PRE-RECORDED TELEMARKETING CALLS

47.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or pre-recorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

48.     Yet in violation of this rule, the Defendants fail to obtain any express written consent prior to placing pre-recorded solicitation calls to cellular and landline telephone numbers.

49.     There are numerous complaints posted online from consumers complaining about calls they received from, or on behalf of Defendant Renny's entities that were addressed directly to Renny and/or his entities including:

01/21/2020

I contacted company about robocalls to my cell. I'm on National Do Not Call List. Requested their Do Not Call Policy. Didn't respond/provide policy. I contacted company on 12/26/19 (certified mail #XXXX XXXX XXXX XXXX XXXX) and 1/5/2020 (certified mail #XXXX XXXX XXXX XXXX XXXX) about 9 (nine) robocalls to my cell phone on 10/3/19, 9/10/19, 9/20/19, 10/11/19, 10/14/19, 11/20/19, 12/5/19, 12/6/19, and 12/11/19 made with pre-recorded messages and unsolicited telemarketing. My number is on the Do Not Call List. I requested copy of their Do Not Call Policy. They did not provide policy nor respond to my communications. The company is operating under several business names registered in Florida, including inactive company name "National Auto Protection Corp" (FEI/EIN Number: XX-XXXXXXX), active company name "National Car Cure LLC" (FEI/EIN Number: XX-XXXXXXX), and active company name "Assured Auto Group, Inc." (FEI/EIN Number: XX-XXXXXXX). [26]

[26] https://www.bbb.org/us/fl/west-palm-beach/profile/auto-warranty-services/national-auto-protection-corp-0633-90142596/complaints

14

12/16/2019

I am getting daily robocalls. I have been on the do not call list for 10 years but this appears to be a scam organization choosing to ignore the law. I get robocalls sometimes daily, sometimes more. I have gotten through and requested that I be removed from the call list and the person either hangs up or becomes abusive. It is incredible that an illegal scam robocalling business can continue to operate.

**Desired Outcome**
Please provide a name and address so I can have my attorney file a TCPA Lawsuit.    27

11/01/2019

Unsolicited communication I have received many calls from this company. My number has been on the DNC list since 2006. The 1st couple of calls I either pressed the number to indicate I wanted my number to be removed or I told a live agent to add me to their DNC list. Calls just kept coming. I've emailed to get a response but have not yet heard back    28

09/10/2019

Still calling and phone registered with donotcall.gov. On September 10, 2019 @ 0937 local time I received a call from 904.203.1803. It was a robo call saying my car warranty had expired. Hold for a rep. ****** answered and said he was from National Dealer Protection. When I ask him to repeat his company name he disconnected the call.

**Desired Outcome**
Stop calling. I am registered with donotcall.gov since 2015.    29

03/26/2019

For over 8 years, National Dealer Service Center have called me for Warranty on a Toyota Highlander , which i no longer own. Receiving annoying Phones calls from this company and its frustrating and distracting even @ work for me

**Desired Outcome**
Stop all Calls to me    30

50.    As per the above complaints, Renny and his entities including Affordable Car Cure and National Car Cure are aware of the illegal telemarketing calls that consumers are receiving, but despite this awareness, the calls continue.

51.    In addition, SunPath is, or should be aware of the illegal telemarketing that has been associated with Renny and his entities over the last 4 years due to complaints SunPath has received and the complaints filed against Renny both online and legally, but

---

[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*

despite these facts, SunPath continues to engage in business with Renny and his entities in order to sell extended car warranties.

52.     By continuing to engage in and benefit from business with Renny, including through Affordable Car Cure and National Car Cure, SunPath ratifies the unlawful telemarketing that Renny and his entities engage in to sell SunPath extended car warranties.

**PLAINTIFF ROWAN'S ALLEGATIONS**

**Consistent with Renny's Direction, Affordable Car Cure and National Car Cure**
**Cold Called Plaintif Using a Pre-Recorded Message to Solicit His Business**

53.     Plaintiff Rowan registered his phone number on the DNC on June 4, 2005.

54.     Plaintiff Rowan uses his phone number for personal use only. It is not used for business purposes.

55.     Plaintiff Rowan has been receiving an onslaught of unwanted telemarketing calls. Frustrated at receiving these calls and especially due to the fact that the callers are intentionally hiding their identity on the call, Plaintiff decided to do his best to figure out the identify of these unwanted telemarketers so he could stop them from calling him.

56.     On May 8, 2020 at 1:48 PM, Plaintiff received a pre-recorded call to his phone from phone number 936-227-0172 that he did not answer.

57.     A pre-recorded voicemail was left regarding a final notice for Plaintiff's vehicle warranty which was supposedly set to expire.

58.     On July 10, 2020 at 4:06 PM, Plaintiff Rowan received a pre-recorded call from Affordable Car Cure to his phone using phone number 256-537-8520.

59.     The pre-recorded call began with a pre-recorded message informing Plaintiff about his vehicle warranty expiring and to press '1' to speak to a live agent or press '2' to be placed on a do not call list.

60.     Plaintiff had received calls with the same pre-recorded voice message in the past, such as the voicemail he received on May 8, 2020 as stated above so he feigned interested in order to figure out who is the entity behind these calls in an effort to stop it from sending him and others unwanted solicitation calls.

61.     An agent named Debbie came on the line to ask Plaintiff Rowan a series of pre-qualifying questions.

62.     Debbie then transferred Plaintiff to an agent named Shannon who identified herself as being a Chevy coverage specialist.

63.     Plaintiff went ahead with the plan that was quoted to him and paid for an extended vehicle warranty in order to identify the company responsible for the unsolicited calls he was receiving.

64.     At no time during the call did any agent reveal the company name Affordable Car Cure.

65.     On Plaintiff Rowan's bank statement, it is shown that he purchased an extended car warranty from Affordable Car Cure.



66.     Plaintiff Rowan received a warranty plan in the mail which shows that it was sent from Affordable Car Cure and that the administrator of the warranty plan is SunPath:







67.     Despite his purchase of an extended car warranty, Plaintiff Rowan received another unsolicited phone call, this time from one of Renny's other companies, National Car Cure, on July 22, 2020 to his phone using phone number 651-333-3692.

68.     Plaintiff did not answer this call and no voicemail was left.

69.     On July 23, 2020 at 11:00 AM, Plaintiff received a pre-recorded call to his phone from National Car Cure using phone number 651-333-3692.

70.     The pre-recorded message was identical to the messages Plaintiff heard from the calls associated with Affordable Car Cure regarding the final notice that Plaintiff Rowan's vehicle warranty was expiring.

71.     Plaintiff pressed '1' to speak with a live agent who then came on the line and asked Plaintiff Rowan very similar, if not the same pre-qualifying questions he had been asked when dealing with Affordable Car Cure.

72.     Plaintiff feigned interested for the same reason he did before: to identify the telemarketer who keeps calling him in an effort to stop their unsolicited calls.

73.     Plaintiff was then transferred to an agent named Ashley who confirmed that she was calling from Florida.

74.     Plaintiff noted that from the time he pressed '1' and spoke with the first agent, he was under the impression that he was dealing with the same company (National Car Cure) consistently – i.e. no other company was involved in this call but continued the process to verify that.

75.     Plaintiff purchased the extended car warranty that was quoted to him and he saw in his bank statement that he purchased the plan from National Car Cure:



76.     A few hours after paying for the plan, Plaintiff Rowan received an email

from privacy@policy-hub.com containing a link to an electronic copy of his extended

car warranty plan, which shows that National Car Cure sold the plan for which SunPath is

the administrator of the plan:



77.     Plaintiff Rowan canceled the plans from National Car Cure and Affordable Car Cure with Sunpath once he identified who the telemarketers were.

78.     Plaintiff Rowan never consented to receiving solicitation calls from any of the Defendants.

79.     Plaintiff was not looking to solicit the services of any extended vehicle warranty companies.

80.     The unauthorized telephone calls made by and on behalf of the Defendants, as alleged herein, have harmed Plaintiff Rowan in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

81.     Seeking redress for these injuries, Plaintiff Rowan, on behalf of himself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited pre-recorded phone calls and calls to phone numbers registered on the DNC.

**CLASS ALLEGATIONS**
**Class Treatment Is Appropriate for Plaintiff's TCPA Claim**

82.     Plaintiff Rowan brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants (or an agent acting on behalf of Defendants) called (2) using a pre-recorded voice message (3) for substantially the same reason Defendants called Plaintiff, and (4) for

whom Defendants claim they obtained prior express written consent or the person's phone number in the same manner as Defendants claim they obtained Plaintiff's prior express written consent or phone number.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants (or an agent acting on behalf of Defendants) called more than one time within any 12-month period (2) for substantially the same reason Defendants called Plaintiff (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, and (4) for whom Defendants claim they obtained prior express written consent or the person's phone number in the same manner as Defendants claim they obtained Plaintiff's prior express written consent or phone number.

83.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which any Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff Rowan anticipates the need to amend the Class definitions following appropriate discovery.

84.     **Numerosity**: On information and belief, there are thousands of members of the Classes such that joinder of all members is impracticable.

85.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Rowan and the Classes, and those questions

predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    a.  whether Renny and his companies place pre-recorded voice message phone calls to Plaintiff and the members of the Class;

    b.  whether Renny and his companies placed calls to phone numbers that were registered on the DNC such as those of Plaintiff and members of the Class;

    c.  whether Renny and his companies made calls to Plaintiff and members of the classes without prior express written consent;

    d.  whether Sunpath is vicariously liable for the calls by Renny and his companies; and

    e.  whether Defendants' conduct was willful or knowing, entitling the class to treble damages.

86.   **Adequate Representation**: Plaintiff Rowan will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Rowan has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff Rowan and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Rowan nor his counsel have any interests adverse to the Classes.

87.   **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and

affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Pre-recorded No Consent Class)**

88.     Plaintiff repeats and realleges paragraphs 1 through 87 of this Complaint and incorporates them by reference.

89.     Defendants and/or their agents transmitted unwanted solicitation telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

90.     These pre-recorded voice calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the Pre-recorded No Consent Class.

91.     The Defendants have, therefore, violated 47 U.S.C. § 227(b). As a result of Defendants' conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

92.     Plaintiff repeats and realleges paragraphs 1 through 87 of this Complaint and incorporates them by reference.

93.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

94.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

95.     Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

96.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one phone call in a 12-month period by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above.

97.     As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class are entitled to up to $1,500 in damages for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rowan, individually and on behalf of the Classes, pray for the following relief:

98.     An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Rowan as the representative of the Classes; and appointing his attorneys as Class Counsel;

99.     An award of actual and/or statutory damages and costs;

100.    An order declaring that Defendants' actions, as set out above, violate the TCPA;

101.    An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

102.    Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rowan requests a jury trial.

Respectfully Submitted,

**NATHAN ROWAN**, individually and on behalf of those similarly situated individuals

Dated: November 24, 2020          /s/ *Stefan Coleman*
Stefan Coleman (FL Bar no. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)

rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Classes*