UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**NATHAN ROWAN, individually on behalf of all others similarly situated,**

      **Plaintiff,**

v.

**AFFORDABLE CAR CURE, INC., NATIONAL CAR CURE, LLC, GUSTAV RENNY, and SUNPATH LTD.,**

      Defendants.

Case No.: 9:20-cv-82168

**DEFENDANTS, AFFORDABLE CAR CURE, INC., NATIONAL CAR CURE, LLC, GUSTAV RENNY, AND SUNPATH LTD.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND/OR TO STRIKE CERTAIN ALLEGATIONS FROM AMENDED COMPLAINT**

Defendants, Affordable Car Cure, Inc. ("Affordable Car"), National Car Cure, LLC ("National Car"), Gustav Renny ("Renny"), and SunPath LTD. ("SPL") (collectively, the "Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiff Nathan Rowan's ("Plaintiff") First Amended Class Action Complaint ("Amended Complaint")[1] with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to strike the class action allegations under Federal Rule of Civil Procedure 12(f). In support thereof, Defendants state as follows:

### Introduction

Plaintiff's Amended Complaint can best be described as an attempt to have this Court treat four (4) separate Defendants as one and finding collective liability against Defendants under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227. Filled with conclusory and

---

[1] As best can be discerned, Plaintiff's current iteration of the Complaint is nearly identical to Plaintiff's originally deficient pleading filed in this case. As further detailed herein, for the same reasons Plaintiff's original complaint failed, so too does the Amended Complaint as a matter of law.

unsupported allegations, Plaintiff contends that Defendants collectively violated the TCPA by transmitting unwanted solicitation telephone calls using a pre-recorded voice message and placing calls to phone numbers registered on the National Do Not Call Registry ("DNC"), which registry purportedly includes Plaintiff's personal phone number. To support a finding of collective liability, while asserting different and independent actions by each Defendant, Plaintiff attempts to argue that Defendants are nevertheless intertwined by virtue of their shared management and ownership (Renny) and the common use of Affordable Car and National Car of SPL as a vehicle service contract administrator.

However, contrary to Plaintiff's baseless and unsupported allegations, Plaintiff fails to provide any fact to support reaching such an extreme conclusion, let alone an imputation of liability for actions not taken or directed by another party under the TCPA. Despite making a few edits to the allegations made in the Complaint, the slight changes made in the Amended Complaint do not cure the defects raised in the first motion to dismiss. Moreover, not only does Plaintiff still fail to plead the existence of a sufficient link between Defendants, even if Plaintiff had done so, which he has not, the Amended Complaint nonetheless fails to state a cause of action under the TCPA against any of the individual Defendants as a matter of law. Accordingly, for the reasons more fully discussed herein, the Amended Complaint must be dismissed with prejudice and/or Plaintiff's proposed class allegations stricken for failing to comply with Rule 12(b)(6) and (f) of the Federal Rules of Civil Procedure.

## ARGUMENT

### A.   Applicable Legal Standard

#### 1. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to state a cognizable legal theory or allege enough plausible facts to support the claim stated. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). If the "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citations omitted). While detailed factual allegations are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When the allegations in a complaint are not found to plausibly raise a claim of entitlement to relief the complaint should be dismissed for failing to state a claim. *Id*. at 558. A court may not assume that a plaintiff can prove facts that he has not alleged or that defendants have violated laws in ways that the plaintiff had not alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Where a complaint pleads facts that are "merely consistent with a defendant's liability," the complaint stops short of the line between possibility and plausibility of entitlement to relief. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

  **2.** <u>**Rule 12(f)**</u>

Under Rule 12(f), courts may strike "any redundant, immaterial, impertinent, or scandalous matter" from pleadings. "Immaterial" matter "has no essential or important relationship to the claim for relief … being pleaded," and "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Wright & Miller, Fed. Prac. & Proc. § 1382 (1990)), *rev'd on other grounds,* 510 U.S. 517 (1994). *See also Holland v. Sebelius*, 2015 WL 13691436, at *4, n.2 (N.D. Ga. May

12, 2015), *report and rec. adopted*, 2015 WL 13691883 (June 4, 2015) (citing *Fantasy* with approval). Further, by rule, federal courts are required to address class certification "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A).

In this regard, class allegations may be properly stricken at the pleadings stage pursuant to Rules 12(f) and 23 where, as here, "it is facially apparent from the pleadings that there is no ascertainable class." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). *See also Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997) (recognizing that propriety of class certification may be "readily apparent" from the face of the complaint); *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 701 (M.D. Ga. 2012) (striking class allegations where pleadings did not indicate, and discovery would not prove, that a class action could be certified); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) ("Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on the issue prior to the filing of a motion for class certification"); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case which "necessarily involve[d] individualized inquiries"); *Monteferrante v. Williams–Sonoma, Inc.,* 241 F. Supp. 3d 264, 269 (D. Mass. 2017) ("a court may strike class allegations that plainly encompass individuals whose claims are barred"); *Earnest v. Gen. Motors Corp.,* 923 F. Supp. 1469, 1473 (N.D. Ala. 1996) (granting motion to strike class definition that was overly "broad, amorphous, and vague").

**B.    Dismissal Of The Amended Complaint Is Required Under Rule 12(b)(6) Because Plaintiff Fails To State A Cause Of action Against Any Of The Defendants**

In relevant part, the TCPA makes it unlawful "for any person within the United States" to make any call (other than a call made …with the prior express consent of the called party) using any…artificial or prerecorded voice…to (iii) any telephone number assigned to a… cellular

telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  Similarly, the TCPA makes it unlawful "for any person within the United States" to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the [Federal Communications] Commission…." 47 U.S.C. § 227(b)(1)(B).

"To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must allege that: (1) a call was made to a cell or wireless phone, (2) by the use of any…artificial or prerecorded voice, and (3) without the prior express consent of the called party." *Augustin v. Santander Consumer USA, Inc*., 43 F. Supp. 3d 1251, 1553 (M.D. Fla. 2012) (dismissing complaint for failure to allege facts giving rise to a plausible inference of a TCPA violation).  To properly plead the element of the use of an artificial or prerecorded voice, bare boned allegations are not enough. *See Walker v. Commercial Industries Service Company*, No. 13-61096, 2013 U.S. Dist. LEXIS 191743, at *3-*4 (S.D. Fla. Oct. 1, 2013) (dismissing complaint alleging voice mail with an artificial or prerecorded voice where plaintiff's "allegations appear to copy the TCPA" in a "copy and paste job" but did not allege facts giving rise to plausible inference that voicemails were with an "artificial or prerecorded voice").  Even where the plaintiff pleads the particulars of when the calls were made, who made the calls, and the content of the calls, there must be facts alleged that raise a plausible inference that the voice was artificial or prerecorded. *See Williams v. New Penn Financial, LLC*, No. 3:17-cv-570-J-25JRK, 2017 WL 1122133, at *4-5 (M.D. Fla. Nov. 29, 2017) (dismissing TCPA complaint where plaintiff alleged identity of callers, dates of calls, frequency of calls, telephone numbers of callers, content of calls, and content of her response to the callers, but failed to allege facts raising inference that calls were made using "an artificial or prerecorded

voice" or that an automated telephone dialing system was used); *Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017 WL 4005455, at *3 (M.D. Fla. Sept. 12, 2017) (dismissing TCPA claim where plaintiff pled "her cell phone number," "the month and year of one call from Rushmore," and "the name of the Rushmore employee who called," and the content of the call," but did not plead "factual allegations…to support that an ATDS or artificial or prerecorded voice was used").

Pleading facts that raise a plausible inference that the voice was artificial or prerecorded, and not just repeating the words of the statute, is critical to stating a TCPA claim. This is particularly so in a case where the artificial or prerecorded voice was on two (2) purported unanswered voicemails and phone calls (Am. Compl., ¶¶ 57-61, 68-72), rather than a live call where Plaintiff would be in a superior position to judge whether the voice was real or machine-generated and to understand that the machine-generated voice was not responding back to her. *See Weaver v. Wells Fargo Bank N.A.*, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 501, 2015) ("Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details") (quoting *Johansen v. Vivant, Inc.*, No. 12-C-7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)); *see also Moore v. Online Info. Servs., Inc.*, 2014 U.S. Dist. LEXIS 188508, at *1 (S.D. Fla. Jan. 9, 2014) (dismissing TCPA complaint where complaint repeatedly alleged that the message left on his voicemail was "prerecorded," but did not plead other facts about the voice to support his belief that it was prerecorded) (citing *Johansen*, 2012 WL 6590551, at *3). This is not a situation where Plaintiff is being asked for arcane details of a remote telephone system. "For example, a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation

with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS." *Johansen*, 2012 WL 6590551, at *3.

### I. Affordable Car

Here, Plaintiff conclusory alleges that on May 8. 2020,[2] he received a pre-recorded call from an unidentified party to his phone from phone number 936-227-0172 that he did not answer, resulting in pre-recorded voicemail being left regarding a final notice for Plaintiff's vehicle warranty which was supposedly set to expire. *See* Am. Compl. ¶¶ 58-59. Plaintiff further alleges that subsequent to the May 8th call from an unidentified party, he received a pre-recorded call from Affordable Car on July 10, 2020 from **a different number than had previously been used to call him,** that played a message informing Plaintiff about his vehicle warranty expiring and to press '1' to speak to a live agent or press '2' to be placed on a do not call list, to which Plaintiff pressed "1" and spoke with a live representative on the phone before purchasing an extended car warranty from Affordable Car. *See* Am. Compl. ¶¶ 60-66. This is the entire basis for Plaintiff's claims against Affordable Car—A single phone call on July 10th that Plaintiff claims sounded similar to a pre-recorded call Plaintiff previously received from some unknown party.

### II. National Car

Plaintiff's allegations against National Car are no more availing, as they are similarly consisting of a single phone call allegedly made to Plaintiff by National Car. Just like Plaintiff's

---

[2] To the extent Plaintiff continues to rely on the alleged May 8, 2020 phone call described in paragraph 58 of the Amended Complaint as a basis for his TCPA claims, such claims must fail as a matter of law under the recent line of case law declaring the TCPA unconstitutional prior to July 6, 2020. *See Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) ("*AAPC*"), *Creasy v. Charter Communs., Inc.,* No. 20-1199 SECTION "F", 2020 U.S. Dist. LEXIS 177798, 2020 WL 5761117 (E.D. La. Sept. 28, 2020) ("*Creasy*") and *Lindenbaum v. Realgy,* 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020) ("*Lindenbaum*").

deficient allegations against Affordable Car, Plaintiff contends that following a missed phone call on July 22, 2020 where **no** voicemail was left, Plaintiff received a pre-recorded call to his phone from National Car on July 23, 2020 playing the same pre-recorded message Plaintiff claimed to have received during his call from Affordable Car. *See* Am. Compl. ¶¶ 69-72. In like fashion to his dealings with Affordable Car, Plaintiff feigned interest and pressed "1" to speak with a live agent before again buying an extended vehicle warranty from National Car, which Plaintiff subsequently cancelled. *Id.* at ¶¶ 74-75, 77-79.

### III.   SPL

As the basis for his claims against SPL, Plaintiff alleges not that SPL was responsible for placing **any** phone calls to him, but that SPL served as the administrator of the two (2) extended car warranty plans that Plaintiff purchased from Affordable Car and National Car under false pretenses and subsequently cancelled. *See* Am. Compl. ¶¶ 39-40, 43, 67. 78-79. Knowing his original complaint failed to establish a sufficient basis to make SPL a party to the instant litigation, Plaintiff's Amended Complaint contains similarly conclusive and unsupported allegations regarding the alleged relationship between SPL and non-parties to this case that are purportedly owned or previously owned by Renny. *Id.* at ¶¶ 33, 46-47. To the extent Plaintiff's newest unsupported allegations are somehow intended to suggest that this Court may pierce the corporate veil of any other defendant or that SPL is somehow the alter ego of any other company, such allegations are legally insufficient to support any such finding (or even consideration) by this Court. Yet again, Plaintiff's claims against SPL are legally deficient and fail as a matter of law.

### IV.   Renny

Finally, and perhaps most egregiously, Plaintiff contends that Renny violated the TCPA not by ever placing a single phone call to Plaintiff, but by virtue of his alleged status as the "owner

and operator" of both Affordable Car and National Car.  See Am. Compl. ¶¶ 24, 29, 31, 69. Without ever alleging that Renny was personally responsible for making or initiating any of the complained of calls, Plaintiff seeks to hold Renny personally liable under the TCPA based on the alleged conduct of Affordable Car and National Car, alleging in a mere conclusory fashion that "Renny manages the hiring for Affordable Auto Protection and presumably its related companies"; "[u]pon information and belief, Renny is personally involved in directing his employees and agents to make unsolicited prerecorded calls to consumers to sell them extended auto warranty plans"; and "[t]o date, Renny and his extended car warranty companies have been involved in numerous TCPA-related lawsuits." *Id.* at ¶¶ 29-32.  Similar to his new allegations made against SPL, Plaintiff likewise claims in his Amended Complaint that the conduct of Renny's other alleged entities, which are unrelated to the instant litigation, is a sufficient basis to impose personally liability against Renny here.  However, Plaintiff's allegations relating to non-parties that are otherwise irrelevant and unrelated to the facts of the instant matter, fail to satisfy his high burden for making Renny personally liable under the TCPA here.  Accordingly, because Plaintiff's allegations against Renny in the Amended Complaint are once again legally insufficient to support a claim for personal liability under the TCPA, this Court is required to dismiss Plaintiff's claims against Renny be dismissed as a matter of law.

                **C.**     <u>**Plaintiff Fails to Plead Facts Supporting Direct TCPA Liability**</u>

It is well accepted that direct liability under the TCPA applies ***only*** to persons or entities that "initiate" telemarketing calls and, in this regard, it is well-accepted that to "initiate" a call for the purposes of a TCPA violation means to "physically place" the call.  *Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In the Matter of the Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)) (emphasis added); *see also Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) ("Merely alleging that

[a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim."). This rule similarly applies to claims brought under the TCPA's National DNC Registry provision in Section 227(c) of the TCPA, as Plaintiff has invoked here. *See, e.g., Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014).

Consequently, courts routinely reject threadbare direct TCPA liability claims, like Plaintiff's, lacking facts regarding the defendant's initiation of calls in the sense of "***tak[ing] the steps necessary to physically place*** a [] call" to the plaintiff. *Sheski,* 2020 WL 2474421, at *3 (quoting 28 FCC Rcd. at 6583 ¶ 26) (emphasis added); *see also Hirsch v. Lyndon S. Ins. Co.,* 2019 WL 5110622, at *6 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom.,* 2019 WL 8370863 (Aug. 6, 2019), *aff'd*, 805 F.App'x 987 (11th Cir. 2020) (dismissing where plaintiff was "attempting to impose liability on Defendants for countless calls made throughout the United States … without alleging who made the calls"); *Naiman v. Freedom Forever, LLC,* 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (dismissing Section 227(c) claim where plaintiff failed "to plead *any* facts giving rise to a reasonable inference that [the defendant] or an entity under its control, made the calls at issue") (emphasis in original). This Court should rule similarly here.

In the instant matter, Plaintiff states in a conclusory manner that he received a "pre-recorded call from Affordable Car Cure to his phone using phone number 256-537-8520 [on July 10, 2020]" and a "pre-recorded call to his phone from National Car Cure using phone number 651-333-3692 [on July 23, 2020]." *See* Am. Compl. ¶¶ 60, 71. Notwithstanding Plaintiff's unsupported allegations, the Amended Complaint is devoid of any allegation that either Affordable Car, National Car, SPL or Renny **physically** placed any of the subject calls as is required for direct liability under the TCPA, let alone any fact that would support such a conclusion. Rather, Plaintiff readily concedes this point, alleging among other things that at no time during the subject calls did

any live agent identify themselves as being with Affordable Car or National Car. *Id.* at ¶¶ 66, 76. Therefore, by his own admissions, Plaintiff has failed to state a claim for direct TCPA liability against either Affordable Car, National Car, SPL or Renny and, as such, the Amended Complaint must be dismissed as a matter of law. *See, e.g., Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015) ("Because [p]laintiffs do not plead that [defendant] 'made,' i.e., physically placed or actually sent, the text messages, the [complaint] fails to state a claim that is plausible on its face under section 227(b)(1)(A)(iii) of the TCPA.") (emphasis added); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (ruling similarly); *Sheski,* 2020 WL 2474421, at *3 (dismissing where allegations "d[id] not lead to the inference [defendant] [physically] sent or was directly involved in sending the text messages at issue" so as to be subject to direct TCPA lability); *see also Fick v. Alabama State Dep't of Educ.*, 2018 WL 6835917, at *4 (S.D. Ala. Sept. 28, 2018), *report and rec. adopted,* 2018 WL 6835806 (Dec. 27, 2018) ("'[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck.'") (quoting *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992)).

        D.      <u>**Plaintiff Fails to Plead Facts Supporting Vicarious TCPA Liability**</u>

Likewise, to the extent Plaintiff contends that any of Defendant can somehow be vicariously liable for the actions of any other herein, such claims also fail as a matter of law and are required to be dismissed by this Court.

As an initial matter, vicarious liability cannot be casually pled; rather, courts uniformly require plaintiffs to meet a certain pleading threshold before dragging in an otherwise innocent party into litigation over the conduct of another. Instead, vicarious liability requires a special relationship between a principal and an agent. *See* Restatement (3d) of Agency § 1.01, cmt. c ("[T]he concept of agency posits a ***consensual relationship*** in which one person, to one degree or another or

respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person.") (emphasis added). More specifically, "[a]gency is the **fiduciary relationship** that arises when one person (a 'principal') **manifests assent** to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the **principal's control**, and the agent manifests assent or otherwise consents so to act." *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017) (citing Restatement, § 1.01)) (emphasis added); *see also Accord Cheney v. IPD Analytics, L.L.C.*, 2009 WL 1298405 at *5 (S.D. Fla. Apr. 16, 2009). This requires "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017).

"Apparent authority" likewise does not arise passively and "can only 'be established by proof of something said or done by the [**alleged principal**], on which [Plaintiff] **reasonably relied'** to the plaintiff's detriment." *Linlor*, 2017 WL 5885671, at *3 (quoting *Thomas v. Taco Bell Corp.*, 582 F.App'x. 678, 679 (9th Cir. 2014)) (emphasis added). *Accord Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1347-48 (S.D. Fla. 2018). But, even then, "apparent authority presupposes actual agency, and only operates to extend the scope of an actual agent's authority." *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 166 (4th Cir. 1988). Similarly, "[a]lthough a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Linlor*, 2017 WL 588671, at *3 (quoting *Batzel v. Smith*, 333 F. 3d 1018, 1036 (9th Cir. 2003)). Thus, "ratification" also requires actual authority. *See, e.g., Pascal v. Agentra, LLC*, 2019 WL 5212961, at *4 (N.D. Cal. Oct. 16, 2019); *see also Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019); *Smith v. State Farm*, 2013 WL 5346430, at *3-6 (N.D. Ill. Sept. 23, 2013) (ratification agency requires **knowing acceptance** of agent's benefits).

Ultimately, "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc*., 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018) (quoting *Kristensen v. Credit Payment Servs*., 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)). Further, in the TCPA context in particular, courts have widely recognized that vicarious liability cannot attach without the **"essential ingredient" of control**. *See, e.g., Jones v. Royal Admin. Svcs., Inc.,* 887 F. 3d 443, 450 (9th Cir. 2018); *see also In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 223 F. Supp. 3d 514, 520 (N.D. W.Va. 2016), *aff'd sub nom; Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual agency [for vicarious TCPA liability], the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was conducted.") (citation omitted).

Consequently, not only do courts routinely dismiss TCPA claims, like Plaintiff's here, premised on vicarious liability at the pleading stage, but the vast majority of them have held that failure to allege sufficient facts establishing an agency relationship with or control over an agent is fatal to such claims. *See*, *e.g.*, *Hirsch,* 2019 WL 5110622, at *6 (dismissing, noting that the FCC "has explicitly rejected a theory of liability under the TCPA against the seller of a product for telephone calls marketing that product absent an agency or similar relationship between the seller and the caller"); *see also Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where plaintiff did not allege defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" caller); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *5 (N.D. Ohio. Mar. 18, 2016) (dismissing where "sparse allegations made [] d[id] not allege any facts that show [defendant] had any power to give interim

instructions or otherwise had any control over the performance of" callers); *Fisher v. Alarm.com Hldgs, Inc.*, 2018 WL 5717579, at *3 (N.D. Ill. Nov. 1, 2018) (dismissing where allegations did not "support a reasonable inference that [defendant] is the principal and the third-party caller is an agent controlled by [defendant]"); *Rogers v. Postmates Inc.*, 2020 WL 3869191, at *4 (N.D. Cal. July 9, 2020) (dismissing where plaintiff had "not alleged any facts that support the inference that [defendant] exercised any control over [the third party] or [the third party]'s marketing campaign"); *Sheski*, 2020 WL 2474421, at *4 (dismissing where no factual allegations supporting agency).

Here, Plaintiff does not, and cannot, allege the "essential ingredient of control" and, therefore, has failed to plead any facts supporting a claim for vicarious TCPA liability. Instead, Plaintiff only states in a conclusory manner that "Affordable Car Cure and National Car Cure are effectively the same identical company but registered under different corporate names" and "Affordable Car Cure and National Car Cure, or an agency working on behalf of these companies place pre-recorded telemarketing calls to consumers" *See* Am. Compl. ¶¶ 21, 35. Notwithstanding Plaintiff's vague references to a purported agency or affiliation between the parties, Plaintiff does not allege that **any** caller ever identified themselves as an employee or as being affiliated with any specific Defendant here or that any Defendant controlled the calls that Plaintiff purportedly received. *See, e.g.*, *Jones*, 887 F.3d at 450 (analyzing these and other factors in holding seller was not vicariously liable for telemarketer's alleged TCPA violations); *see also Monitronics*, 223 F. Supp3d at 520 (discussing similar factors). In addition, Plaintiff fails to allege in his Amended Complaint that any Defendant did or said anything to him or that he relied on such actions or statements to his detriment, as is required to plead apparent authority. *See Linlor and Honig, supra.*

In sum, to the extent Plaintiff seeks to hold any Defendant vicariously liable under the TCPA for the conduct of any other Defendant (or 3rd party for that matter), Plaintiff's claims fail as a matter

of law and must be dismissed by this Court pursuant to Rule 12(b)(6).  *See, e.g., Hirsch*, 2019 WL 5110622, at *6 (dismissing where plaintiff failed to plead facts supporting common law agency); *see also Abramson v. 1 Glob. Capital, LLC*, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) (dismissing where plaintiff's "allegations of vicarious [TCPA] liability [we]re conclusory in nature"); *Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing where plaintiff "offer[ed] no factual support" for conclusion that the "[d]efendant was the source of the alleged calls," ruling that "[b]ecause identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims.").

### E. Plaintiff Fails to Plead Facts Supporting His TCPA "Do Not Call" Claim

Plaintiff also fails to plead facts supporting essential elements of his claim under Section 227(c) of the TCPA.  To plausibly allege such a claim, Plaintiff must allege facts suggesting that more than one "telephone solicitation" was "initiate[d]" "by or on behalf of the same entity" (*i.e.,* any of the Defendants) in a 12-month period to "a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry [. . .]" 47 C.F.R. §§ 64.1200(c); 47 U.S.C. § 227(c)(5).  In turn, a "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" without their "prior express invitation or permission." 47 C.F.R. § 64.1200(f)(14).

Here, Plaintiff does not allege any specific non-conclusory facts supporting an inference that any of the named Defendants physically initiated the subject calls or was in an agency relationship with any other (or any 3rd party) that did and provides virtually no information about the substance of the calls.  Thus, Plaintiff has failed to plead facts that the at-issue calls were initiated "by or on behalf" of any of the named Defendants or that such calls constituted a

"telephone solicitation" under the TCPA. *See, e.g., Freedom Forever, LLC,* 2019 WL 1790471, at *4 (dismissing § 227(c) claim where plaintiff failed "to plead *any* facts giving rise to a reasonable inference [the defendant] or an entity under its control, made the calls at issue") (emphasis in original); *Donaca,* 303 F.R.D. at 394-96 (under § 227(c)(5), a defendant must have "physically placed" the call or be vicariously liable under common law agency principles); *Jung v. Bank of Am., N.A.*, 2016 WL 5929273, at *9 (M.D. Pa. Aug. 2, 2016) (dismissing due to failure to adequately plead at-issue calls were "solicitations" within the meaning of the TCPA).

Moreover, courts have held Section 227(c) applies only to subscribers of **residential** landlines, not cell phones or business numbers. *See, e.g., Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, 2017 WL 733123, at *9 (N.D. Cal. Feb. 24, 2017) (Section 227(c) "applies to TCPA violations based on calls made to residential telephone subscribers, not cellular telephones"); *see also Cunningham v. Politi*, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL 2524737 (June 19, 2019) (dismissing, noting: "The private right of action created by … § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. Recent courts considering claims asserted by Plaintiff have found this not to encompass Plaintiff's cellular phones and have dismissed his claims.") (citing various cases). Here, Plaintiff only alleges the number was on the DNC Registry at the time of the calls and that it is supposedly for "personal" use and it is not used for "business purposes." *See* Am. Compl. ¶¶ 55-56. Plaintiff however fails to give any indication as to the type of phone with which the phone number is associated (i.e., if it was a cellular phone) or if that phone was exclusively used (if at all) for "residential" purposes. This deficiency supports dismissal. *See, e.g., Hicks v. Alarm.com*, 2020 U.S. LEXIS 157433, at *8-9 (E.D. Va. Aug. 6, 2020) (dismissing DNC claim where, as here, the plaintiff only alleged his phone was "not associated with a business and is for personal use" but not

if it was used for "residential" purposes); *see also Cunningham v. Rapid Capital Funding, LLC/RCF*, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *report and rec. adopted*, 2017 WL 3776165 (Aug. 31, 2017) ("As Plaintiff has not alleged facts showing his cell phones are used for residential purposes, he fails to state a claim under [Section 227(c)].")  Thus, because Plaintiff's allegations are insufficient to state a claim under Section 227(c) of the TCPA, Plaintiff's Amended Complaint must be dismissed as a matter of law.  *See GeorgiaCarry.Org, Inc.,* 687 F.3d at 1254 (holding that a plaintiff must "include factual allegations for **each essential element** of … [his] claim" to meet federal pleading standards and avoid dismissal) (emphasis added).  Accordingly, for all of these additional reasons, Plaintiff's DNC claim should be dismissed under Rule 12(b)(6).

### F. In the Alternative, Plaintiff's Class Allegations In The Amended Complaint Should Be Stricken Pursuant to Rules 12(F) and 23

In the event that Plaintiff's TCPA claims somehow survive dismissal (which they should not), the Court should nevertheless strike Plaintiff's faulty class definition and other class related allegations from the Amended Complaint pursuant to Rules 12(f) and 23 for at least two reasons. *See* generally, Am. Compl. ¶¶ 84-89.

First, it is axiomatic that a putative "class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative."   7A Wright & Miller, FEDERAL PRAC. & PROC. § 1760 (3d ed. 2005); *see also Walewski v. Zenimax Media, Inc.,* 502 F.App'x 857, 861 (11th Cir. 2012) (*per curiam*) (affirming denial of class certification where proposed class definition "impermissibly include[d] members who ha[d] no cause of action as a matter of law").  In this case, Plaintiff's proposed class definitions include the following:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants (or an agent acting on behalf of Defendants) called (2)

> using a pre-recorded voice message (3) for substantially the same reason Defendants called Plaintiff, and (4) for whom Defendants claim they obtained prior express written consent or the person's phone number in the same manner as Defendants claim they obtained Plaintiff's prior express written consent or phone number.
>
> ***
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants (or an agent acting on behalf of Defendants) called more than one time within any 12-month period; (2) for substantially the same reason Defendants called Plaintiff; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for whom Defendants claim they obtained prior express written consent or the person's phone number in the same manner as Defendants claim they obtained Plaintiff's prior express written consent or phone number.

*See* Am. Compl. ¶ 84. However, these proposed definitions are facially overbroad and the proposed classes uncertifiable because Plaintiff does not exclude persons, for example, who (i) ***consented*** to be called (*i.e.,* provided "prior express invitation or permission"), (ii) have an "established business relationship" with any of the Defendants, (iii) did not use their phone for "residential" purposes (e.g., cell phones and businesses) or (iv) did not themselves place their number on the DNC Registry and, thus, for whom there could be no TCPA liability against any of the Defendants as a matter of law. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(5) & 64.1200(f)(14) (no DNC violation for calls made with the ""prior express invitation or permission" of recipient or where recipient has an "established business relationship" with the caller); *see also Abante Rooter,* 2017 WL 733123, at *9 (Section 227(c) "applies to TCPA violations based on calls made to residential telephone subscribers, not cellular telephones"); *Licari Family Chiropractic Inc. v. eClinical Works, LLC*, 2019 WL 7423551, at *3–5 (M.D. Fla. Sept. 16, 2019) (denying class certification in TCPA case where proposed class did not exclude individuals who solicited the fax in question and therefore had no claim). Accordingly, Plaintiff's proposed class definition should be stricken for

this deficiency alone.  *See, e.g.*, *Monteferrante,* 241 F. Supp. 3d at 269; *Earnest,* 923 F. Supp. at 1473.

Second, Plaintiff's proposed class definitions should also be stricken for the additional reason that common questions of law and fact would not predominate.  Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members[.]"  To meet this requirement, common questions must "present a significant aspect of the case" and "can be resolved for all members of the class in a single adjudication."  *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 695 (N.D. Ga. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998)).  As such, various courts have recognized that proposed TCPA class definitions that would require individualized factual and legal inquiries, like Plaintiff's, are properly stricken at the pleadings stage.  *See, e.g.*, *Pepka*, 2016 WL 8919460, at *4; *see also Dorfman v. Albertson's LLC*, 2020 WL 86192, at *5 (D. Idaho Jan. 7, 2020) (granting TCPA defendant's pre-discovery motion to deny class certification where individualized inquiries predominate).

In this case, it is apparent from the face of the Amended Complaint that common questions of law and fact do not predominate and that individualized inquiries would be required.  Accordingly, because courts have consistently denied class certification where individualized consent inquiries predominate, the same result is appropriate under the instant set of facts.  *See, e.g., Balthazor v. Cent. Credit Servs., Inc.,* 2012 WL 6725872, at *4 (S.D. Fla. Dec. 27, 2012) (denying class certification where "[r]esolution of each putative class member's TCPA claim would necessarily involve an individual assessment of whether each class member consented to receive telephone calls on their cellular telephone."); *see also Sliwa v. Bright House Networks, LLC,* 2019 WL 4744938, at *19–22 (M.D. Fla. Sept. 27, 2019); *Powell v. YouFit Health Clubs LLC*, 2019 WL 926048, at *4 (S.D. Fla. Feb. 22, 2019).

## CONCLUSION

For the reasons set forth above, Defendants, Affordable Car Cure, Inc., National Car Cure, LLC, Gustav Renny and SunPath LTD., respectfully move this Court to enter an Order dismissing Plaintiff Nathan Rowan's First Amended Class Action Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and striking his class action allegations under Federal Rule of Civil Procedure 12(f), in addition to granting such further relief as this Court may deem proper under the circumstances.

Dated: February 8, 2021

Respectfully submitted,

/s/ *Jason S. Weiss*
Jason S. Weiss
WEISS LAW GROUP
5531 North University Drive, Suite 103
Coral Springs, FL 33067
Tel: 954-573-2800
Fax: 954-573-2798
Email: jason@jswlawyer.com
*Counsel for Defendants*
Tel: (954) 573-2800
Fax: (954) 573-2798

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2021, I caused a copy of the foregoing document to be served via ECF on all parties entitled to receive notice.

/s/ *Jason S. Weiss*
Jason S. Weiss