UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NATHAN ROWAN, individually on behalf of
all others similarly situated,

**Case No.: 9:20-cv-82168**

Plaintiff,

v.

AFFORDABLE CAR CURE, INC.,
NATIONAL CAR CURE, LLC, GUSTAV
RENNY, and SUNPATH LTD.,

Defendants.

**DEFENDANTS, AFFORDABLE CAR CURE, INC., NATIONAL CAR CURE, LLC, GUSTAV RENNY, AND SUNPATH LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND/OR TO STRIKE CERTAIN ALLEGATIONS FROM AMENDED COMPLAINT**

Defendants, Affordable Car Cure, Inc. ("Affordable Car"), National Car Cure, LLC ("National Car"), Gustav Renny ("Renny"), and SunPath LTD. ("SPL") (collectively, the "Defendants"), by and through undersigned counsel, hereby file Reply in Support of their Motion to Dismiss ("Motion to Dismiss") Plaintiff Nathan Rowan's ("Plaintiff") First Amended Class Action Complaint ("Amended Complaint") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to strike the class action allegations under Federal Rule of Civil Procedure 12(f), and stating as follows:

I.      **INTRODUCTION**

Without so much as mentioning the Florida Supreme Court's seminal decision in *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So. 2d 1114 (Fla. 1984), let alone an analysis of its factors, in his Response to the Motion to Dismiss, similar to the Amended Complaint, Plaintiff asks the Court to accept his conclusory allegations regarding the relationship between the Defendants, which Plaintiff contends warrants the piercing of the corporate veil to hold each Defendant liable for the purported conduct of all others, including Defendant Renny individually, as the manager of

Affordable Car and National Car.  Moreover, even assuming *arguendo* that any of Plaintiff's allegations made against Defendants were true and actionable, which they certainly are not, Plaintiff's failure to allege sufficient facts in the Amended Complaint (or Response) to support piercing Affordable Car or National Car's corporate veil, as would be necessary to the Court to impose personal liability against Renny, in his capacity as an officer, or to treat Affordable Car and National Car as alter ego's of one another, require dismissal of the Amended Complaint for failing to state a cause of action.  Further, because Plaintiff has failed to allege sufficient facts to hold Renny individually liable under the TCPA, which does not expressly provide for disregarding the corporate form to hold officers and employees personally liable, Plaintiff's Amended Complaint fails to state a cause of action against Renny individually for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## II.       REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### A. Mere Allegations Are Insufficient To Support Piercing The Corporate Veil

In *Dania Jai-Alai¸* the Florida Supreme Court expressly found that "the corporate veil may not be pierced absent a showing of improper conduct."  450 So. 2d at 1121.  At the pleading stage (such as here), "[a] party seeking to pierce the corporate veil and prove alter ego liability must show a blurring a corporate lines, such as ignoring corporate formalities or using a corporation for stockholder's personal interest, and that the stockholder used the corporation for some illegal, fraudulent or other unjust purpose." *Century Senior Servs. v. Consumer Health Benefit Ass'n, Inc.,* 770 F. Supp. 2d 1261, 1265 (S.D. Fla. 2011) (citing *Dania Jai-Alai,* 450 So. 2d at 1121).  The mere failure to observe corporate formalities is not enough to pierce the corporate veil.  Rather, Florida court require "proof of deliberate misuse of the corporate form—tantamount to fraud— before they will pierce the corporate veil.  Thus, absent proof of fraud or ulterior motive by the

shareholder, the corporate veil shall **not** be pierced" (emphasis added). *John Daly Enterprises, LLC v. Hippo Golf Co.,* 646 F. Supp 2d 1347, 1353 (S.D. Fla. 2009) (internal quotation marks omitted).

Without so much as alleging in the Amended Complaint that any Defendant ignored its corporate formalities or that Renny, other than conclusory alleging that Renny was the "owner and operator" of both Affordable Car and National Car, was using any of the other Defendants for his personal interest, Plaintiff seeks to impose liability on to each of the Defendants and Renny, individually, for the conduct of the other Defendants. *See* Am. Compl. ¶¶ 21, 24, 29, 31 and 69. Plaintiff contends that it has satisfied this burden by alleging in the Amended Complaint that Affordable Car and National Car are owned and operated by the same person [i.e., Renny], have the same website and have the same toll-free phone number. *Id.* at ¶¶ 4, 24-34. Plaintiff's claims fall woefully short of the standard established under *Dania Jai-Alai* to support piercing the corporate veil in Florida. Moreover, Plaintiff's reliance on *Northrup v. Innovative Health Ins. Partners, LLC*, No. 8:17-cv-1890-T-36JSS, 2018 U.S. Dist. LEXIS 60552, at \*7 (M.D. Fla. Apr. 10, 2018) and *FTC v. Noland*, No. CV-20-00047-PHX-DWL, 2021 US Dist. LEXIS 16093, at \*11-12 (D. Ariz. Jan. 28, 2021) in the Response is misplaced, as the cases cited by Plaintiff both considered the ability to pierce the corporate veil where corporate formalities were wholly **disregarded,** not as Plaintiff alleges here, a shared owner and resources. There is simply nothing alleged by Plaintiff in the Amended Complaint that would warrant the Court looking beyond the corporate form to pierce the corporate veil of any Defendant or find any Defendant to be the alter-ego of any other. Thus, in the absence of Plaintiff's ability to establish separate and independent liability against each of the Defendants (which Plaintiff fails and cannot do), the Motion to Dismiss must be granted and the Amended Complaint dismissed with prejudice as a matter of law.

**B.      The Amended Complaint Is Insufficiently Pled To Support Imposing Direct Liability Under The TCPA**

In the absence of piercing the corporate veil (which, as discussed above, Plaintiff has failed to do), in order to support a claim of direct liability under the TCPA, Plaintiff must establish that such Defendant was responsible for "initiating" such telemarketing phone calls at issue.[1] However, Plaintiff makes no such allegation in the Amended Complaint (nor provides sufficient explanation for such deficiency in his Response) that that either Affordable Car, National Car, SPL or Renny initiated any of the subject calls.  Instead, Plaintiff alleges in a mere conclusory fashion that he received a 'pre-recorded call from Affordable Car Cure to his phone using phone number 256-537-8520' [on July 10, 2020] and a "pre-recorded call to his phone from National Car Cure using phone number 651-333-3692 [on July 23, 2020]."  *See* Am. Compl. ¶¶ 60 and 71.

As discussed at great length in the Motion to Dismiss, threadbare allegations, such as those made by Plaintiff in the Amended Complaint, are legally insufficient to support a claim for direct liability under the TCPA.  *See Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) ("Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim").  This rule similarly applies to claims brought under the TCPA's National DNC Registry provision in Section 227(c) of the TCPA, as Plaintiff has invoked here.  *See, e.g., Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014).  Plaintiff's failure to meet this pleading standard is fatal to its ability to state a plausible claim under TCPA and requires dismissal under Fed. R. Civ. P. 12(b)(6) as a matter of law.  *See, e.g., Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015) ("Because [p]laintiffs do not

---

[1] It is well-accepted that to "initiate" a call for the purposes of a TCPA violation means to "physically place" the call.   *Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In the Matter of the Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)) (emphasis added).

plead that [defendant] 'made,' i.e., physically placed or actually sent, the text messages, the [complaint] fails to state a claim that is plausible on its face under section 227(b)(1)(A)(iii) of the TCPA.") (emphasis added); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (ruling similarly).

C.     **Plaintiff's Arguments For Imposing Vicarious Liability Are No More Availing**

As the basis of Plaintiff's claims for vicarious liability, Plaintiff contends that because he was allegedly contacted by both Affordable Car and National Car to sell him SPL extended auto warranties and, indeed did sell him SPL backed extended auto warranties, SPL is vicarious liable for the alleged conduct of Affordable Car and National Car.  *See* Am. Compl. ¶¶ 58-78.  Contrary to Plaintiff's claim in the Response, that "Plaintiff pleads robust facts giving rise to an inference that [SPL] is vicariously liable for [Affordable Car] and [National Car]'s calls to Plaintiff based on all three agency theories (actual agency, apparent agency and ratification)" [*see* Response at pg. 8], Plaintiff has failed to overcome the deficiencies detailed by the Motion to Dismiss with respect to the appropriateness of imposing of vicarious liability (under any theory of agency) onto SPL for the conduct of Affordable Car and National Car.  Further, Plaintiff's reliance on *United States v. Dish Network LLC,* 256 F. Supp. 3d 910, 923 (C.D. Ill. 2017) in the Response to support a finding of the existence of actual authority for purposes of a TCPA is similarly misplaced, as the existence of actual authority there was premised on allegations of fact by the plaintiff that gave rise to an inference that defendant was "heavily involved" in the improper sales practices and marketing procedures at issue. 256 F. Supp. 3d at 922-923.  Plaintiff here has failed to make any such allegations that would support any type of inference with respect to SPL.

Similarly, Plaintiff's arguments in the Response that SPL, premised on the same allegations underlying its claims of actual authority, is vicarious liable based on apparent agency and

ratification theories, is likewise unavailing.  Plaintiff's efforts to draw a connection between SPL, Affordable Car, and National Car, based on some purportedly pre-existing telemarketing relationship dating back to another Renny company,[2] are insufficient to establish the existence of an agency relationship here that could give rise to any claim in favor of Plaintiff under the TCPA. Indeed, as further discussed in the Motion to Dismiss, "apparent authority" likewise does not arise passively and "can only 'be established by proof of something said or done by the [*alleged principal*], on which [Plaintiff] ***reasonably relied'*** to the plaintiff's detriment." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (quoting *Thomas v. Taco Bell Corp.*, 582 F.App'x. 678,679 (9th Cir. 2014)) (emphasis added); *see also Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1347-48 (S.D. Fla. 2018). But, even then, "apparent authority presupposes actual agency, and only operates to extend the scope of an actual agent's authority."    *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 166 (4th Cir. 1988). Similarly,"[a]lthough a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Linlor*, 2017 WL 588671, at *3 (quoting *Batzel v. Smith*, 333 F. 3d 1018, 1036 (9th Cir. 2003)). Thus, "ratification" also requires actual authority.   *See, e.g., Pascal v. Agentra, LLC*, 2019 WL 5212961, at *4 (N.D. Cal. Oct. 16, 2019); *see also Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019); *Smith v. State Farm*, 2013 WL 5346430, at *3- 6 (N.D. Ill. Sept. 23, 2013) (ratification agency requires ***knowing acceptance*** of agent's benefits).

Thus, because Plaintiff has failed to sufficiently plead facts to demonstrate the existence of actual authority between SPL, Affordable Car, and National Car, Plaintiff's claims for vicarious liability fail as a matter of law and are required to be summarily rejected by this Court.

## III.    CONCLUSION

---

[2] *See* Response at pg. 12.

For the reasons set forth above, in addition to the arguments previously raised by Defendants, Affordable Car Cure, Inc., National Car Cure, LLC, Gustav Renny and SunPath LTD., the Motion to Dismiss must be granted, as requested therein.

Dated: March 1, 2021                          Respectfully submitted,

   /s/ *Jason S. Weiss*
Jason S. Weiss
**WEISS LAW GROUP, P.A.**
5531 North University Drive, Suite 103
Coral Springs, FL 33067
Tel: 954-573-2800
Fax: 954-573-2798
Email: jason@jswlawyer.com
*Counsel for Defendants*
Tel: (954) 573-2800
Fax: (954) 573-2798

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2021, I caused a copy of the foregoing document to be served via ECF on all parties entitled to receive notice.

/s/ *Jason S. Weiss*
Jason S. Weiss